# 25-73-cv

## United States Court of Appeals

*for the*

## Second Circuit

ANDREW DELANEY,

*Plaintiff-Appellant,*

– v. –

HC2, INC., STEPHANOS ZANNIKOS, MICHAEL JOHN ESKER NACCHIO, TOYOTA MOTOR NORTH AMERICA, INC.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES HC2, INC., STEPHANOS ZANNIKOS AND MICHAEL JOHN ESKER NACCHIO

THOMAS BELLIFEMINE
OGLETREE DEAKINS
*Attorneys for Defendants-Appellees
HC2, Inc., Stephanos Zannikos and
Michael John Esker Nacchio*
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600

CP COUNSEL PRESS   (800) 4-APPEAL • (381758)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 28 of the Federal Rules of Appellate Procedure ("FRAP"), Respondent HC2, Inc. ("HC2"), by and through its undersigned counsel, certifies that HC2 is 100% employee-owned through the HCMC Legal, Inc. Employee Stock Ownership Plan ("HCMC").

## TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT .......................................................i

TABLE OF AUTHORITIES ...............................................................................iv

SUBJECT MATTER AND APPELLATE JURISDICTION ...................................1

STATEMENT OF THE ISSUES..............................................................................1

STATEMENT OF THE CASE...................................................................................4

    Plaintiff's Claims ..............................................................................................4

    Procedural History ........................................................................................10

SUMMARY OF ARGUMENT ................................................................................12

    Section 487 Claims .......................................................................................13

    ADA and Title VII Claims ...........................................................................13

    Negligent Infliction of Emotional Distress Claims .....................................14

    Section 740 Claim.........................................................................................14

ARGUMENT ...........................................................................................................14

    I.     APPELLATE STANDARD OF REVIEW ..........................................14

    II.    DEFENDANTS PROPERLY SERVED PLAINTIFF WITH THEIR MOTION TO DISMISS .........................................................15

    III.   PLAINTIFF'S CLAIMS MERIT DISMISSAL ................................16

        A.    Plaintiff Relies on the Incorrect Pleading Standard..................16

        B.    Dismissal of Plaintiff's Claims Should Be Affirmed ...............20

            1.    The Section 487 Claim ....................................................20

                a.    Section 487 does not apply to conduct in federal courts, and Plaintiff only alleges purported misconduct in federal court ................21

                b.    Even if Section 487 does apply, Plaintiff failed to allege that the purported misconduct was willfully committed with an intent to deceive, or as part of a chronic, extreme pattern of legal delinquency .........................................................26

ii

Zannikos's Alleged Statements ................29

Nacchio's Alleged Statements ..................30

Alleged Statements to Trustee ..................31

c. Plaintiff failed to allege any damages stemming from the Individual Defendants' purported misconduct ............................................34

2. The ADA Discrimination Claim ...................................35

a. Plaintiff failed to allege that he is disabled under the statute....................................................36

b. Plaintiff failed to allege that he suffered an adverse employment action ................................37

3. The Title VII Retaliation Claim.....................................39

a. Plaintiff failed to adequately allege that he opposed discrimination prohibited by Title VII..................................................................39

b. Plaintiff does not adequately allege a causal connection between the alleged retaliatory conduct and his engagement in any protected activity .........................................40

4. The Negligent Infliction of Emotional Distress Claim........................................................................42

a. Plaintiff failed to allege facts to show that Defendants owed him a duty of care...................43

b. Plaintiff failed to allege conduct which caused Plaintiff to fear for his safety or which endangered his physical safety in any way..............................................................44

5. The N.Y. Labor Law Section 740 Claim........................45

CONCLUSION.......................................................................................46

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Adams v. Festival Fun Parks, LLC*,
  560 F. App'x 47 (2d Cir. 2014)........................................................38

*Agostini v. Sobol*,
  757 N.Y.S.2d 555 (App. Div. 2003) ...................................... 27-28, 35

*Akhtar v. Aggarwala*,
  23-CV-06585 (JGLC) (VF), 2024 WL 3862504
  (S.D.N.Y. June 5, 2024) ............................................................35

*Armstrong v. Blank Rome LLP*,
  126 A.D.3d 427 (N.Y. App. Div. 2015)..................................... 27, 35

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................... *passim*

*Baxt v. Liloia*,
  714 A.2d 271 (N.J. 1998) ..........................................................43

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................ 16, 18, 20

*Breuninger, et al. v. Williams et al.*,
  20 Civ. 7033 (JPC), 2024 WL 3088770
  (S.D.N.Y. June 20, 2024) ....................................................... 27, 35

*Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*,
  787 N.Y.S.2d 267 (App. Div. 2004) ........................................ 27, 35

*Bryant v. Covina-Valley Unified Sch. Dist.*,
  No. 17-cv-1274, 2018 WL 6016924 (C.D. Cal. Jan. 10, 2018),
  *report and recommendation adopted,* No. 20-cv-01354,
  2022 WL 787962 (W.D.N.Y. Mar.15, 2022)....................................38

*Cadet v. Alliance Nursing Staffing of New York, Inc.*,
  632 F. Supp. 3d 202 (S.D.N.Y. 2022) ........................................ 18, 41

*Cagle v. Weill Cornell Med.*,
  680 F. Supp. 3d 428 (S.D.N.Y. 2023)..........................................36

*Calcutti v. SBU., Inc.*,
  223 F. Supp. 2d 517 (S.D.N.Y. 2002) ................................................................24

*Calise v. Casa Redimix Concrete Corp.*,
  No. 20-CV-7164 (PAE), 2022 WL 355665
  (S.D.N.Y. Feb. 4, 2022)......................................................................................41

*Capobianco v. City of New York*,
  422 F.3d 47 (2d Cir. 2005) ........................................................................ 36, 37

*Caskey v. Cty. of Ontario*,
  560 F. App'x 57 (2d Cir. 2014)..........................................................................36

*Chiesa v McGregor*,
  209 A.D.3d 963 (App. Div. 2022).......................................................................44

*Chowaiki & Co. Fine Art Ltd. v. Lacher*,
  982 N.Y.S.2d 474 (App. Div. 2014) ........................................................... 27, 35

*Clark v. Druckman*,
  624 S.E.2d 864 (W. Va. 2005) ...........................................................................43

*Concord Assocs., L.P. v. Ent. Props. Tr.*,
  817 F.3d 46 (2d Cir. 2016) ................................................................................19

*Danielle Olsen v. South Huntington Union Free School District, et al.*,
  21-CV-5464(ARL), 2024 WL 3178615 (E.D.N.Y. June 26, 2024).....................37

*Delaney v. Messer*,
  No. 22-CV-1664 (AMD), 2023 WL 2614099
  (E.D.N.Y. Mar. 20, 2023), *appeal dismissed sub nom.*,
  *In re Delaney*, No. 23-434, 2023 WL 6618118 (2d Cir. July 12, 2023),
  *cert. denied sub nom.*, *Delaney v. Messer*, 144 S. Ct. 593 (2024) .......................34

*Dooley v. Jetblue Airways Corp.*,
  636 F. App'x 16 (2d Cir. 2015).........................................................................39

*Drago v. Buonagurio*,
  386 N.E.2d 821 (N.Y. 1978) ..............................................................................43

*Erie Railroad Co. v. Tompkins*,
  304 U.S. 64 (1938) ...................................................................................... 24, 25

*Facebook, Inc. v. DLA Piper LLP (US)*,
  23 N.Y.S.3d 173 (App. Div. 2015).............................................................. 27, 35

*Fenner v. City of New York*,
  No. 08 Civ. 2355(BMC)(LB), 2009 WL 5066810
  (E.D.N.Y. Dec. 21, 2009) ..................................................................18

*Ferrara v. Galluchio*,
  152 N.E.2d 249 (N.Y. 1958) .............................................................44

*Fisk v. Letterman*,
  424 F. Supp. 2d 670 (S.D.N.Y. 2006) ......................................... 17, 44

*Foy v. N.Y. St. Unified Ct. Sys.*,
  2024 WL 3270711 (E.D.N.Y. July 2, 2024) .......................................39

*Francis v. Kings Park Manor, Inc.*,
  992 F.3d 67 (2d Cir. 2021) ......................................................... *passim*

*Harbulak v. County of Suffolk*,
  654 F.2d 194 (2d Cir. 1981) .............................................................18

*HC2, Inc. v. Delaney*,
  510 F. Supp. 3d 86 (S.D.N.Y. 2020) ...............................................4, 6

*Hill v. City of New York*,
  No. 13 Civ. 8901 (KPF), 2015 WL 246359
  (S.D.N.Y. Jan. 20, 2015) ..................................................................18

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984) ...........................................................................16

*Hopkins v. Bridgeport Bd. of Educ.*,
  834 F. Supp. 2d 58 (D. Conn. 2011) .................................................38

*Hoxha v. Pantalone*,
  208 N.Y.S.3d 485 (Sup. Ct. 2024) ...................................................44

*Hunter v. Debmar-Mercury LLC*,
  22 Civ. 1687 (PGG), 2024 WL 64768
  (S.D.N.Y. Jan. 5, 2024) ....................................................................24

*In re Advance Watch Co., Ltd.*,
  587 B.R. 598 (Bankr. S.D.N.Y. 2018) ..............................................16

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001) ...............................................................16

*Izhaky v. Izhaky*,
  189 N.Y.S.3d 62 (App. Div. 2023) ...................................................45

*Jiang Zhong Li v. Oliver King Enters.*,
  No. 14–CV–9293 (VEC), 2015 WL 4643145
  (S.D.N.Y. Aug. 4, 2015)..................................................................................41

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388 (2d Cir. 2006) .........................................................................17

*Kravitz as Trustee of Aegean Litigation Trust v. Tavlarios*,
  20-2579-cv, 2021 WL 5365582 (2d Cir. Nov. 18, 2021)....................................32

*Leary v. Al-Mubaraki, et al.*,
  No. 18-CV-0048-LTS-HBP (S.D.N.Y. Sept. 30, 2019)......................................41

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015) .........................................................................39

*Long v. Marubeni America Corp.*,
  406 F. Supp. 2d 285 (S.D.N.Y. 2005) ............................................................46

*Looff v. Lawton*,
  97 N.Y. 478 (N.Y. 1884)................................................................... 22, 24, 26

*Mandala v. NTT Data, Inc.*,
  975 F.3d 202 (2d Cir. 2020) .............................................. 14, 17, 18, 19

*McGrier v. Capital Cardiology*,
  No. 20-cv-01044 (BKS/DJS), 2022 WL 2105854
  (N.D.N.Y. June 10, 2022)..............................................................................38

*Medcalf v. Thompson Hine LLP*,
  84 F. Supp. 3d 313 (S.D.N.Y. 2015) ..............................................................38

*Mugabo v. Compass Grp.*,
  No. 20-cv-01354, 2021 WL 7500250
  (W.D.N.Y. Dec. 28, 2021)..............................................................................38

*Palin v. New York Times Co.*,
  113 F.4th 245 (2d Cir. 2024) .......................................................................19

*Pattanayak v. Mastercard Inc.*,
  22-1411, 2023 WL 2358826 (2d Cir. Mar. 6, 2023)...........................................20

*Pierce v. Better Holdco, Inc.*,
  22 Civ. 4748 (AT), 2023 WL 6386920
  (S.D.N.Y. Sept. 29, 2023) .............................................................................45

*Ray v. Watnick*,
   182 F. Supp. 3d 23 (S.D.N.Y. 2016),
   *aff'd*, 688 F. App'x 41 (2d Cir. 2017) ..................................................................28

*S.E.C. v. Credit Bancorp, Ltd.*,
   No. 99 Civ., 11395(RWS), 2011 WL 666158
   (S.D.N.Y. Feb. 14, 2011), *aff'd sub nom.*,
   *S.E.C. v. Blech*, 501 F. App'x 74 (2d Cir. 2012)............................................ 15-16

*Santucci v. Veneman*,
   No. 01 CIV. 6644(CBM), 2002 WL 31255115
   (S.D.N.Y. Oct. 8, 2002)................................................................ 40, 42

*Savitt v. Greenberg Traurig, LLP*,
   5 N.Y.S.3d 415 (App. Div. 2015)..................................................................27

*Specht v. City of N.Y.*,
   15 F.4th 594 (2d Cir. 2021) ..................................................................35

*Suzuki v. Greenberg*,
   198 N.Y.S.3d 683 (App. Div. 2023),
   *leave to appeal denied*, 41 N.Y.3d 908 (2024) ............................................. 27, 35

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ..................................................................19

*Taggart v Costabile*,
   131 A.D.3d 243 (App. Div. 2015)..................................................................44

*Thompson v. Shutterstock, Inc.*,
   23-CV-4155 (JGLC), 2024 WL2943813
   (S.D.N.Y. June 10, 2024) ................................................................ 40-41

*Ticketmaster Corp. v. Lidsky*,
   665 N.Y.S.2d 666 (App. Div. 1997) ..................................................................28

*Urias v. Daniel P. Buttafuoco & Assocs., PLLC*,
   238 N.E.3d 836 (N.Y. 2024) ..................................................................21

*Wyatt v. Kozlowski*, 19-CV-159W(F),
   2019 WL 3729262 (W.D.N.Y. Aug. 8, 2019)..................................................................23

*Zimmerman v. Burge*,
   No. 06-cv-0176 (GLS-GHL), 2008 WL 850677
   (N.D.N.Y. Mar. 28, 2008) ..................................................................18

viii

**Statutes & Other Authorities:**

22 N.Y.C.R.R. § 500.27(a) ................................................................24

28 U.S.C. § 1331 ...............................................................................1

28 U.S.C. § 1367 ...............................................................................1

42 U.S.C. §§ 12101-12213 ................................................................2

42 U.S.C. § 12102(1) .......................................................................36

42 U.S.C. § 12112(a) .......................................................................38

42 U.S.C. § 2000e-3(a) ....................................................................39

42 U.S.C. §§ 2000e-2000e-17............................................................2

Fed. R. Civ. P. 5 ..............................................................................15

Fed. R. Civ. P. 5(b)(2)(C) ...............................................................15

Fed. R. Civ. P. 5(b)(2)(E) ...............................................................15

Fed. R. Civ. P. 8 .................................................................. 12, 16, 19

Fed. R. Civ. P. 12(b)(6)........................................................... 16, 19

Fed. R. Civ. P. 81(c)........................................................................10

N.Y. Jud. Law § 2 .......................................................................23, 24

N.Y. Jud. Law § 487 ................................................................. *passim*

N.Y. Labor Law § 740 .............................................................. *passim*

Restatement (Third) of the Law Governing Lawyers § 51 (2000) .........................43

## SUBJECT MATTER AND APPELLATE JURISDICTION

Defendants HC2, HC2's General Counsel Stephanos Zannikos ("Zannikos"), and former outside counsel Michael John Esker Nacchio ("Nacchio") (collectively "HC2 Defendants"), agree that this Court has jurisdiction over appellant Andrew Delaney's ("Plaintiff" or "Delaney") federal claims pursuant to 28 U.S.C. § 1331, and can exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. On January 3, 2025, the Honorable Lewis J. Liman, District Judge for the Southern District of New York ("District Court"), granted motions to dismiss filed by HC2 Defendants and Defendant Toyota Motor North America, Inc. ("TMNA") (collectively "Defendants"), and on January 21, 2025, Plaintiff filed a notice of appeal to this Court.

## STATEMENT OF THE ISSUES

The question before this Court is whether it should affirm the January 3, 2025 Opinion and Order ("Opinion and Order") of the District Court dismissing all claims in the Amended Complaint when:

1. The District Court properly determined that Plaintiff had been served with Defendants' motion papers.

2. Plaintiff failed to state a plausible claim against individual defendants Zannikos and Nacchio (collectively "Individual Defendants") under New York Judiciary Law Section 487 ("Section 487") in that:

a. The purported misconduct cited in the Amended Complaint occurred in federal court, and Section 487 does not apply to conduct that occurs in federal courts.

b. Even if Section 487 does apply to conduct that occurs in federal courts, Plaintiff failed to allege facts that could support a plausible claim that the Individual Defendants' purported misconduct was willfully committed with an intent to deceive, or as part of a chronic, extreme pattern of legal delinquency.

c. Plaintiff failed to allege any damages stemming from the Individual Defendants' purported misconduct.

3. Plaintiff failed to state a plausible claim of discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") in that:

a. Plaintiff failed to allege that he is disabled under the statute.

b. Plaintiff failed to allege that he suffered an adverse employment action because of his purported disability.

4. Plaintiff failed to state a plausible claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), in that:

a. Plaintiff failed to adequately allege that he opposed discrimination

2

prohibited by Title VII.

b. Plaintiff does not adequately allege a causal connection between the alleged retaliation and his engagement in any protected activity.

5. Plaintiff failed to state a plausible claim for negligent infliction of emotional distress ("NIED") in that:

a. Plaintiff failed to allege facts that could support a plausible claim that Defendants owed Plaintiff any duty of care.

b. Plaintiff failed to allege conduct that could support a plausible claim that Plaintiff feared for his safety, or that his physical safety was endangered in any way.

6. Plaintiff failed to state a plausible claim for violation of N.Y. Labor Law Section 740 ("Section 740") in that:

a. Plaintiff does not adequately allege that he engaged in any whistleblower activity.

b. Plaintiff does not allege any facts to suggest that Defendants opposed Plaintiff's motion to dismiss his bankruptcy because of any purported whistleblower activity.

## STATEMENT OF THE CASE

This matter concerns Plaintiff's contract work for HC2 as a document review attorney, and the endless stream of baseless litigation that Plaintiff engaged in upon the conclusion of that work.

## Plaintiff's Claims

In or around March 2020, Plaintiff had been working for HC2 as a document review attorney for just under six months, when the project he was working on was indefinitely suspended due to the Covid-19 Pandemic. *See* Plaintiff's Appendix ("Pl. Appx.") at 266-308 ("*Opinion and Order*")*;* at 268 *(citing HC2, Inc. v. Delaney*, 1:20-cv-3178 (S.D.N.Y. April 20, 2020) (Liman, J.) (the "*HC2 Action*"), ECF No. 1 at ¶ 2). On April 13, 2020, Christopher Beres, a Florida attorney, sent a communication on Plaintiff's behalf to Akio Toyoda in Tokyo, Japan. That communication demanded payment of $450,000 within one day for alleged economic damages flowing from Plaintiff's purported wrongful discharge. *See Opinion and Order* at 267-269 (citing *HC2 Action*, ECF No. 1 at ¶ 6).

The following day, April 14, 2020, Plaintiff sued Toyota and its President in a Florida state court ("the Florida Complaint"), identifying both by name and revealing privileged and confidential information.[1] On April 22, 2020, Defendant

---

[1] On December 30, 2020, after holding hearings, the Florida Court issued an order sealing a number of the Florida Complaint's paragraphs because they revealed Toyota's "confidential,

4

HC2 filed an Order to Show Cause and Complaint against Plaintiff in the HC2 Action, seeking to enjoin him from further releasing any privileged and confidential information. *See Order and Opinion* at 268; Ex. B to Supp. Appx. at SA-151.

Although the District Court denied HC2's initial request for *ex parte* relief, after a hearing on April 29, 2020, the District Court granted a temporary restraining order preventing Delaney from "divulging any information that is privileged, confidential or protected by his non-disclosure and/or employment agreements with HC2." *Opinion and Order* at 268 (citing Ex. C to Supp. Appx. at SA-160). On May 27, 2020, the Court denied HC2's application for a preliminary injunction, but allowed HC2's complaint against Plaintiff to continue. *See* Ex. D to Supp. Appx. at SA-163. In denying the preliminary injunction, the Court stated that Plaintiff's demand letter was "a routine demand letter and it's not an extortion." *See* Ex. D to Supp. Appx. at SA-165. However, "the Court did not dismiss HC2's claims on the merits or make factual findings that Delaney did not threaten TMNA or did not demand payment." *Opinion and Order* at 295 (citing Ex. D to Supp. Appx. at SA-163).

On May 13, 2020, Plaintiff filed his answer and first set of counterclaims in

---

attorney-client privileged and attorney work product information." *See* Exhibit A to Defendants' Supplemental Appendix ("Supp. Appx.") at SA-151.

the HC2 Action, which included claims like defamation, abuse of process, intentional infliction of emotional distress, and a retaliation claim under New York Labor Law § 740. *See* Ex. E to Supp. Appx. at SA-167. The court granted HC2's motion to dismiss Plaintiff's counterclaims, while granting Plaintiff leave to amend ("Amended Counterclaims"). On December 18, 2020, the District Court then dismissed the Amended Counterclaims. *See HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86 (S.D.N.Y. 2020).

Five days later, on December 23, 2020, Plaintiff filed for bankruptcy in the Eastern District of New York ("E.D.N.Y."), without alerting HC2 or the District Court. *See* Pl. Appx. at 15-38 ("*Amend. Compl.*"); at 17, ¶ 10; *see also In re: Andrew John Delaney*, 20-44372-JMM (Bankr. E.D.N.Y. 2020) (the "*Bankruptcy Proceedings*"). In or around February 2021, Defendants uncovered Plaintiff's bankruptcy filing in the E.D.N.Y., and alerted the District Court, which stayed all other proceedings. *See* Ex. F to Supp. Appx. at SA-187; Ex. G to Supp. Appx. at SA-189; Ex. H to Supp. Appx. at SA-191.

On "March 12, 2021, Delaney filed a motion to dismiss his chapter 7 case." *Opinion and Order* at 270; *Amend. Compl.* at 18, ¶ 14. While Plaintiff alleges that the Trustee initially agreed to the dismissal, Plaintiff claims that the Trustee changed his mind "because he was contacted by the Defendants and their attorneys." *Opinion and Order* at 269-270; *Amend. Compl.* at 18, ¶¶ 15–16.

Plaintiff alleges that during the Bankruptcy Proceedings, HC2 Defendants "told the Trustee that Delaney owned four pieces of real estate, had four undisclosed financial accounts, and had a judgment against him for extortion in the HC2 Lawsuit." *Opinion and Order* at 270; *Amend. Compl.* at 18, ¶ 16.

On March 26, 2021, the Trustee "filed an opposition to Delaney's motion to dismiss" stating "'[t]he Trustee's investigation also found: (i) four (4) distinct real property ownership records associated with the Debtor,' and that '[t]he Debtor also does not have only $44,434 in credit card debt as stated on his Motion to Dismiss, but also has a judgment against him for an additional $67,458.91.'" *Opinion and Order* at 270 (quoting Ex. I to Supp. Appx. at SA-196-197, ¶¶ 11, 16). The Trustee also stated, in reference to the HC2 Lawsuit, that "[u]pon information and belief, the Debtor is appealing a judgment entered against him for extorting his prior employer." *Opinion and Order* at 270 (quoting *Amend. Compl.* at 20, ¶ 21).

Plaintiff alleges that HC2 Defendants also filed an opposition to Plaintiff's motion to dismiss the Bankruptcy Action. *Amend. Compl.* at 23, ¶ 27. Plaintiff claims that Zannikos certified that "'HC2 never terminated the Employment Agreement or took any other action to terminate Delaney's employment," that "Delaney engaged counsel to demand $450,000 from the Corporate Client,' that Delaney's counsel emailed a letter to Toyota 'reiterating his demand for a payment and threatening litigation and disclosure of the Corporate Client's privileged and

7

confidential information if his demand was not met by April 14, 2020,' and that '[t]he Corporate Client did not capitulate to Delaney's demands or threats.'" *Amend. Compl.* at 23, ¶ 27; *Opinion and Order* at 271; Ex. J to Supp. Appx. at SA-203, ¶¶ 6-8; Ex. K to Supp. Appx. at SA-214, ¶¶ 6–8.

On March 16, 2021, Delaney re-filed his claims against HC2 under New York Labor Law, but this time in state court. *See* Ex. L to Supp. Appx. at SA-217 (*Andrew Delaney v. HC2, Inc. d/b/a Hire Counsel, Inc.*, No. 651740/2021 (N.Y. Sup. Ct.) (Tisch, J.) ("*First State Court Action*"), Doc. No. 1). Plaintiff alleges that on March 25, 2021, "in [the] state court case, Nacchio stated in a sworn affirmation that Delaney had a 'scheme to extort a significant payment from the Corporate Client.'" *Opinion and Order* at 271 (quoting *Amend. Compl.* at 19, ¶ 19). Plaintiff's claims were dismissed on September 13, 2021. *See* Ex. M to Supp. Appx. at SA-242; Ex. N to Supp. Appx. at SA-247. Notably, the court granted HC2's motion to dismiss "without opposition." Ex. N. to Supp. Appx. at SA-248. The court also partially sealed Plaintiff's complaint because it found that certain "subject paragraphs of the complaint contain[ed] confidential, privileged and/or non-public information or were otherwise only known to plaintiff through his contract work…." Ex. M to Supp. Appx. at 244.

On April 6, 2021, "HC2 filed a proof of claim for $1,180,152.67." *Opinion and Order* at 271; *Amend. Compl.* at 21-22, ¶ 23. Plaintiff alleges that in support of

the claim, HC2 submitted bills which were mostly for legal fees for the temporary restraining order and preliminary injunction applications in the HC2 lawsuit. *See Opinion and Order* at 272.

On October 6, 2021, plaintiff alleges that the court in the Bankruptcy Proceedings approved HC2's motion to withdraw its proof of claim, which Plaintiff consented to based on HC2's alleged representation that it would exit the case with prejudice. *See* Ex. O to Supp. Appx. at 249*; Opinion and Order* at 273. The judge's Order actually stated, however, that "'Claim 2 of HC2 is hereby withdrawn, with prejudice to HC2's right to file another proof of claim in this bankruptcy case.'" *Opinion and Order* at 273.

On November 24, 2021, Plaintiff again attempted to "voluntarily dismiss the bankruptcy case." *Opinion and Order* at 274; *Amend. Compl.* at 27, ¶ 40. On December 6, 2021, HC2 filed an objection to the motion to dismiss as an interested party. *Opinion and Order* at 274; Ex. P to Supp. Appx. at SA 251.

Plaintiff further claims that "[s]tarting in March 2022, he 'engaged in the protected activity of complaining to the government about HC2's failing to furnish him with a copy of the Summary Plan Description in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the labor laws and ignored his letters to the company about when he would receive a payment of $2,000 or other amount to which the Social Security Administration informed him

9

he was entitled." *Opinion and Order* at 274 (citing *Amend. Compl.* at 28, ¶ 44). He also claims that Defendants retaliated against him "by giving negative references," without any further context or facts to support this claim. *Opinion and Order* at 274 (citing *Amend. Compl.* at 37, ¶ 110).

## Procedural History

On June 6, 2024, Plaintiff filed a complaint in the Supreme Court of New York, New York County, against HC2 Defendants alleging: 1) violation of Section 487; 2) Conspiracy to Violate Section 487; 3) Negligent Infliction of Emotional Distress; 4) Breach of Contract; and 5) violation of N.Y. Labor Law § 740. On June 14, 2024, Plaintiff amended his Complaint to add a claim for employment discrimination under the ADA; and a claim for retaliation under Title VII. *See* Ex. Q to Supp. Appx. at SA-257 (*Delaney v. HC2, Inc. et al.*, 1:24-cv-05211 (S.D.N.Y. June 6, 2024) (Liman, J.) ("*First Delaney Fed. Action*"), ECF 1).

On July 10, 2024, co-defendant TMNA moved to remove the case from state court to the District Court, and the HC2 Defendants consented. *Id.* Shortly thereafter, TMNA and HC2 filed related case statements and the matter was transferred to Judge Liman. *See* Ex. R to Supp. Appx. at SA-288; Ex. S to Supp. Appx. at SA-291. On July 17, 2024, pursuant to Federal Rule of Civil Procedure 81(c), HC2 Defendants moved to dismiss the Amended Complaint, with prejudice. *See* Ex. T to Supp. Appx. at SA-293. Shortly thereafter, Plaintiff voluntarily

dismissed the matter. *See* Ex. U to Supp. Appx. at SA-295.

Just before he filed the *First Delaney Fed. Action* in State Court, on May 24, 2024, Plaintiff filed an action in the Superior Court of Massachusetts, Suffolk County, alleging, among other things, defamation by Defendant HC2. *See* Ex. V to Supp. Appx. at SA-297 (*Delaney v. HC2, Inc. et al.*, 2484CV01386 (Mass. Super. May 24, 2024) ("*Mass. Action*"), Dkt. No. 1). Shortly thereafter, Wilmer Hale, a defendant in the Mass. Action, moved to transfer the matter to the Business Litigation Session ("BLS"), which was granted. *See* Ex. V to Supp. Appx. at SA-254. Plaintiff moved to transfer the matter back, but on August 8, 2024, the court denied Plaintiff's motion. Four days later, Plaintiff voluntarily dismissed the Mass. Action. *See* Ex. V to Supp. Appx. at SA-324.

On August 5, 2024, Plaintiff filed another Summons and Complaint in the Supreme Court of New York, New York County, virtually mirroring the Complaint in the *First Delaney Fed. Action*. *See* Supp. Appx. at SA-4-30 (*Delaney v. HC2, Inc., et al.*, 24-cv-6287 ("*Second Delaney Fed. Action*")). Plaintiff amended the Complaint in the *Second Delaney Fed. Action* several times, resulting in the Amended Complaint at issue here. However, even the Amended Complaint is substantially similar to the complaint from the *First Delaney Fed. Action*. *Cf. Amend. Compl.;* Ex. Q to Supp. Appx. at SA-261.

On August 20, 2024, TMNA again removed the case to the District Court

11

and filed a related case statement to have the matter transferred to Judge Liman. *See* Supp. Appx. at SA-1-30; Supp. Appx. at SA-31. HC2 consented to those applications, and on August 26, 2024, moved to dismiss the Amended Complaint. *See* Supp. Appx. at SA-33; Supp. Appx. at SA-35-79. On August 26, 2024, HC2 Defendants served Plaintiff with their motion papers by: 1) e-mailing a copy to the e-mail address Plaintiff listed in the Amended Complaint; and 2) mailing a copy of the motion papers to the physical address Plaintiff listed in the Amended Complaint. *See* Supp. Appx. at SA-137; *Opinion and Order* at 279.[2] On January 3, 2025, Judge Liman dismissed Plaintiff's Amended Complaint, with prejudice, by Opinion and Order. *See Opinion and Order*; Supp. Appx. at SA-150.

## SUMMARY OF ARGUMENT

Plaintiff predicates his arguments on appeal on a fundamental misunderstanding of the pleading standard. As Rule 8 of the Federal Rules of Civil Procedure ("FRCP") "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Plaintiff must proffer more than just a "notice pleading." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). To that

---

[2] Although Plaintiff alleges that "there is no proof that the appellant received a single filing by the appellees in this case" (Plaintiff's Brief ("Pl. Br.") at 33), Plaintiff's citation to Defendants' moving papers in his own opposition to Defendants' motions belies that statement. Indeed, Plaintiff filed his opposition to Toyota's motion to dismiss two days after Toyota filed it, meaning he received the filings (either through ECF or e-mail) before he received the mailings. Either way, Plaintiff was not prejudiced. *See* Pl. Br. at 13 (conceding Plaintiff filed a "response to the HC2 [Defendants'] motion to dismiss").

end, Plaintiff's claims fall woefully short.

**Section 487 Claims:**

The District Court correctly determined that Section 487 does not regulate conduct in federal courts, even if the court is located in New York State. Even if Section 487 did apply to conduct in federal courts, or to the extent Plaintiff alleged actionable conduct in state court, Plaintiff still does not allege any facts supporting the requirement that the alleged misconduct be committed with an intent to deceive, or as part of a chronic, extreme pattern of legal delinquency. Additionally, Plaintiff does not allege any cognizable damages stemming from the purported misconduct. Accordingly, Plaintiff's Section 487 claims were properly dismissed.

**ADA and Title VII Claims:**

The District Court also properly dismissed Plaintiff's claims for discrimination under the ADA, and retaliation under Title VII. Plaintiff failed to allege that he is disabled under the ADA, and failed to allege that he suffered an adverse employment action because of any alleged disability. Similarly, Plaintiff failed to allege that he engaged in protected activity by opposing discrimination prohibited by Title VII, or that there was a causal connection between any alleged retaliatory conduct and his engagement in any protected activity. Accordingly, the District Court correctly dismissed these claims as well.

13

**Negligent Infliction of Emotional Distress Claims:**

The District Court also correctly dismissed Plaintiff's NIED claims. Plaintiff failed to allege any facts to establish that Defendants owed Plaintiff a duty of care. Plaintiff also failed to allege conduct which caused him to fear for his safety, or endangered his physical safety in any way. Because both are prerequisites to a claim for NIED, the District Court properly dismissed these claims.

**Section 740 Claim:**

Similarly deficient are Plaintiff's allegations supporting his Section 740 Claim. Plaintiff does not adequately allege that he engaged in protected activity, or even if he had, that Defendants were aware of it. Accordingly, even if Plaintiff could show that he engaged in protected activity, he cannot establish any causal link between that activity and Defendants' alleged conduct.

## ARGUMENT

### I. APPELLATE STANDARD OF REVIEW

This Court reviews a decision and order dismissing a complaint *de novo*, applying the same standard as the District Court. *See Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021). This Court may affirm the District Court's dismissal on any grounds supported by the record, whether or not relied on by the District Court. *See Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020).

14

## II. DEFENDANTS PROPERLY SERVED PLAINTIFF WITH THEIR MOTION TO DISMISS

The District Court properly determined that Plaintiff was served with, and had actual notice of, Defendants' motions to dismiss. As the Court rightly noted, "[s]ervice of papers subsequent to the initial complaint is governed by Federal Rule of Civil Procedure 5." *See Opinion and Order* at 13 (citing Fed. R. Civ. P. 5). According to Rule 5, a paper may be served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Service may also be completed by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E).

Here, HC2 Defendants filed the motion papers on ECF, mailed the motion papers to Plaintiff's last known address in the Philippines, and e-mailed the motion papers to Plaintiff at the e-mail address he provided in his Amended Complaint. *See Opinion and Order* at 279; Supp. Appx. at SA-137. Under Rule 5(b)(2)(C), service of the motion papers was complete upon mailing. *See Opinion and Order* at 279; F.R.C.P. 5(b)(2)(C).

Plaintiff's continued reliance on application of the Hague Convention is misplaced, as the District Court rightly found that "'the Hague Service Convention only applies to the initial service of process, namely the summons, not subsequent judicial documents.'" *Opinion and Order* at 279 (quoting *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395(RWS), 2011 WL 666158, at *4 (S.D.N.Y. Feb. 14, 2011),

15

*aff'd sub nom. S.E.C. v. Blech*, 501 F. App'x 74 (2d Cir. 2012)) (citing *In re Advance Watch Co., Ltd.*, 587 B.R. 598, 604–05 (Bankr. S.D.N.Y. 2018)).

That Plaintiff had actual notice of the motions, by e-mail and/or by viewing the docket, is evidenced by Plaintiff's response to "several motions and letters within a day or two of their filing." *Opinion and Order* at 279-80. Because Plaintiff had actual notice of the motions, and responded well within his time to respond, he cannot now claim he was improperly served or prejudiced in any way. Accordingly, HC2 Defendants' motion to dismiss was properly served and considered, and the District Court's ruling in that regard should be affirmed.

## III.   PLAINTIFF'S CLAIMS MERIT DISMISSAL

### A.   Plaintiff Relies on the Incorrect Pleading Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 8, 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-70 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (punctuation & citation omitted). A motion to dismiss should be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.*" In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Importantly, neither "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements," nor "legal conclusion[s] couched as . . . factual allegation[s]," nor "naked assertions devoid of further factual enhancement" will suffice. *Iqbal*, 556 U.S. at 677-78 (punctuation & citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006).

Even when there are "well-pleaded factual allegations, a court should [still] . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 664. To that end, a claim is only plausible when it includes sufficient facts for the court to draw a reasonable inference that defendant is liable for the alleged misconduct–*i.e.*, the mere "possibility of misconduct" is not enough. *Id.* at 679.

Thus, the old notice standard has been replaced, with the Supreme Court clarifying that "mere notice pleading . . . [is] inadequate." *Mandala*, 975 F.3d at 208 (citing *Iqbal*, 556 U.S. at 678). Further, where amendment would be futile, dismissal with prejudice is appropriate. *See Fisk v. Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y. 2006) (finding where "further attempt to amend . . . pleadings would be futile, the dismissal should be with prejudice"). Accordingly, to survive a motion to dismiss under the applicable standard, a plaintiff "must at least set forth

17

enough factual allegations to plausibly support each of the [elements of his] claim." *Mandala*, 975 F.3d at 209.[3]

Further, "the liberal pleading standard accorded to *pro se* litigants is not without limits, and all normal rules of pleading are not absolutely suspended." *Cadet v. Alliance Nursing Staffing of New York, Inc.*, 632 F. Supp. 3d 202, 219 (S.D.N.Y. 2022) (citing *Hill v. City of New York*, No. 13 Civ. 8901 (KPF), 2015 WL 246359, at *2 (S.D.N.Y. Jan. 20, 2015) (internal quotation marks and citation omitted)). Accordingly, to survive a motion to dismiss, "a *pro se* plaintiff's factual allegations still must at least be enough to raise a right to relief above the speculative level[.]" *Id.* (citing *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)).[4]

Here, Plaintiff claims the District Court erred when it dismissed the Amended Complaint. However, Plaintiff's arguments are predicated on a misunderstanding of the pleading standard. Plaintiff claims that all he must do is

---

[3] A pleading "must allege more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

[4] *See Zimmerman v. Burge*, No. 06-cv-0176 (GLS-GHL), 2008 WL 850677, at *9 (N.D.N.Y. Mar. 28, 2008) (revoking *pro se* litigant's special status where "his excessive litigiousness demonstrates his experience, the lack of which is the reason for conferring the special status upon pro se litigants in the first place") (collecting cases); *Fenner v. City of New York*, No. 08 Civ. 2355(BMC)(LB), 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009) ("It is well settled in the Second Circuit that since the reason for affording pro se litigants special deference is not present when the litigant is an attorney, no special consideration is required." (citing *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981))).

give "notice pleading," and that the District Court erred by requiring plaintiff to "establish a prima facie case." *See* Pl. Br. at 26-27. However, Plaintiff's reliance on *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) is misplaced, as courts have since then found that just "notice pleading" is insufficient to meet the initial burden, however minimal that burden is. *See Mandala*, 975 F.3d at 208-09 (citing *Iqbal*, 556 U.S. at 678). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).[5]

Accordingly, in determining a motion under Rule 12(b)(6), courts should consider whether the complaint alleges "sufficient factual matter . . . to state a claim to relief that is plausible on its face" *i.e.*, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. This is the standard that the District Court applied in dismissing Plaintiff's Amended Complaint, finding Plaintiff's allegations, even if taken as true, fall well short of establishing plausibility.

In applying the plausibility standard, not only does a court assess the

---

[5] Plaintiff's reliance on "Palin II" (*see Palin v. New York Times Co.*, 113 F.4th 245, 254 (2d Cir. 2024)) for the proposition that the District Court treated "the motion to dismiss like the trial" is also misplaced. The Palin decision dealt with consideration of testimony that was not yet in the record. Whereas here, the District Court took judicial notice of the parties' prior filings in various publicly litigated matters, which was proper. *See Opinion and Order* at 266 (considering "documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken" (citing *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (internal quotation marks omitted))).

allegations in the complaint, but the court can also note a complaint's lack of specificity in alleging misconduct without imposing a heightened pleading standard. *See Pattanayak v. Mastercard Inc.*, 22-1411, 2023 WL 2358826, at *1 (2d Cir. Mar. 6, 2023) (finding that instances where the court noted the absence of facts supporting the elements of the claim "were nothing more than examples of the district court properly applying the retaliation pleading standard, ascertaining whether the FAC alleged, on the one hand, protected activity . . . or, on the other hand, generalized grievances") (punctuation & citation omitted); *see also Francis*, 992 F.3d at 74 n.23 (stating that the dissent "takes issue with our acknowledgement that Francis's Complaint alleged *some* information, but not enough to transform his claim from conceivable to plausible . . . But this is exactly what *Twombly* and its progeny require us to do").

Accordingly, any suggestion that alleging the bare minimum is sufficient to survive a motion to dismiss is a clear misinterpretation of the plausibility standard.

### B.    Dismissal of Plaintiff's Claims Should Be Affirmed

Applying the correct pleading standard, this Court should affirm the dismissal of Plaintiff's claims because Plaintiff failed to provide sufficient factual support to establish their plausibility.

#### 1.    The Section 487 Claim

The District Court correctly dismissed Plaintiff's claims under Section 487

20

because Plaintiff failed to allege deceitful conduct in a New York state or local court.

          **a.**       **Section 487 does not apply to conduct in federal courts, and Plaintiff only alleges purported misconduct in federal court.**

Section 487 is a state statute that has been in existence since "the 1700s," and "'creates a cause of action for attorney deceit that is distinct from common law fraud or legal malpractice.'" *Opinion and Order* at 281 (quoting *Urias v. Daniel P. Buttafuoco & Assocs., PLLC*, 238 N.E.3d 836, 840 (N.Y. 2024)). Specifically, Section 487 provides that:

> [A]n attorney and counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . is guilty of a misdemeanor and may be liable to the injured party for treble damages in a civil action.

*See Opinion and Order* at 281 (quoting N.Y. Judiciary Law § 487).

In rendering its Opinion and Order, the District Court first looked at the origins of Section 487 to determine whether the statute was intended to apply to conduct outside of a New York state or local court proceeding. *See Opinion and Order* at 282-83. While we agree with and adopt the District Court's reasoning for why Section 487 does not apply to federal courts, we add that there is also support for that position in the history of the statute. *See id.* at 283 (finding that "[t]he plain language of the statute does not clarify the issue.").

21

As the District Court correctly noted, the original version of Section 487 dates to "1787," before the federal courts' creation, making the original intent as to federal courts unknowable. *Id.* at 284. However, later versions of the statute, adopted after the creation of the federal courts in 1789, provide insight into whether the legislature intended Section 487 to apply to federal courts.

Specifically, Section 68 of the Revised Statute, 2 R.S. 287 ("Section 68")[6], passed in 1827, is an early version of Section 487 which virtually mirrors the language found today. Section 68 provided:

> Any counselor attorney or solicitor who shall be guilty of any deceit or collusion, or shall consent to any deceit or collusion, with intent to deceive the court or any party, shall be punished by fine or imprisonment, or both, at the discretion of the court. He shall also forfeit to the party injured by his deceit or collusion treble damages, to be recovered in a civil action.

*Looff v. Lawton*, 97 N.Y. 478, 481 (N.Y. 1884) (quoting *Section 68)*[7]; *see also* Ex. W to Supp. Appx. at 338. As part of its analysis, the *Looff* court noted that the "article of the statutes which includes [Section 68] is entitled, 'Of the Officers of Courts of Record, their Duties, Privileges and Liabilities.'" *Looff*, 97 N.Y. at 481; Ex. W to Supp. Appx. at SA-333, 337. This placement within the Revised Statues is significant because at this time in 1884, the phrase "Courts of Record" had a

---

[6] A copy of Section 68 has been included as Ex. W to Supp. Appx. at SA-338.

[7] A true and correct copy of the *Looff* opinion is included as Ex. X to Supp. Appx. at SA-342.

22

very specific meaning, which could be found in Section 2 of the Judiciary Law ("Section 2").

Section 2 as we see it today defines the State's "Courts of record" to include:

> The court for the trial of impeachments; . . . [a] court on the judiciary; . . . [t]he court of appeals; . . . [t]he appellate division of the supreme court in each department; . . . [t]he supreme court; . . . [t]he court of claims; . . . [a] county court in each county, except the counties of New York, Bronx, Kings, Queens and Richmond; . . . [t]he family court; . . . [a] surrogate's court in each county; . . . [e]ach city court outside the city of New York; . . . [t]he district court in each county or portion thereof in which such court shall be established[8]; . . . [and] [t]he civil court of the city of New York and the criminal court of the city of New York.

NY JUD § 2. Included as Ex. Y to Supp. Appx. at SA-347 is a true and correct copy of Section 2 of the New York Code of Civil Procedure from 1877, which is virtually identical to today's version cited above.

Notably, federal courts existed by 1877, but were not expressly included on Section 2's list of "Courts of Record." *See* Ex. Y to Supp. Appx. at SA-348. Nor are they included today, which numerous courts have confirmed based on virtually indistinguishable language. *See Wyatt v. Kozlowski*, 19-CV-159W(F), 2019 WL 3729262, at *3 n.5 (W.D.N.Y. August 8, 2019) (finding District Court lacked

---

[8] For sake of clarity, the term "district court," as used in Section 2 of the Judiciary Law, refers to local civil and criminal courts created in Nassau and Suffolk Counties, not the federal district courts. *See* https://www.nycourts.gov/courts/cts-outside-nyc-DISTRICT.shtml; *see also* https://ww2.nycourts.gov/courts/10jd/suffolk/dist/history.shtml.

authority to release medical records under N.Y. Mental Hygiene Law because the law only authorized a "court of record" to release such records, and "[a] federal district court is not included among 'courts of record' as defined by N.Y. Jud. Law § 2"); *see also Calcutti v. SBU., Inc.*, 223 F. Supp. 2d 517, 523 (S.D.N.Y. 2002) (finding "[a] United States District Court is not a court of record under the applicable state law" allowing only a "court of record to punish for contempt").

Thus, by placing Section 68 in the "Article" of the "Revised Statutes" that was devoted to conduct solely in the state's "Courts of Record," we can infer that the legislature intended Section 68 to be limited to those courts. *See Looff*, 97 N.Y. at 481-82 (finding Section 68 applies only once an action has been commenced in a Court of Record).[9] As that definition has never included federal courts, the District Court's conclusion regarding Section 487's reach was sound.

Plaintiff's reliance on the *Erie Doctrine* (*see Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938)), is misplaced, as Plaintiff confuses a federal court's ability to hear and decide cases concerning violations of Section 487, with Section 487's applicability to conduct that occurs in federal courts. Specifically, Plaintiff alleges

---

[9] Questions should be certified to the New York Court of Appeals only when "determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the [New York] Court of Appeals exists." *Hunter v. Debmar-Mercury LLC*, 22 Civ. 1687 (PGG), 2024 WL 64768, at *6 (S.D.N.Y. Jan. 5, 2024) (citing 22 N.Y.C.R.R. § 500.27(a)). In so deciding, the "Second Circuit considers: "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." *Id.* Here, *Loof* and Section 487's precursors are controlling as to legislative intent, obviating any need to certify a question to the Court of Appeals.

that the District Court violated the *Erie Doctrine* by holding that "[the District Court] should not be subjected to state laws like [Section] 487 just by virtue of the fact that it sits in New York." Pl. Br. At 16. However, Plaintiff misstates the import of *Erie* – which is not that federal courts are subject to state law, but that federal courts sitting in diversity must apply the law of the state, statutory or common, as opposed to "federal common law."

Nothing about the District Court's Opinion and Order offends the *Erie Doctrine* or is inconsistent with this Court's prior rulings. The District Court distinguished between a federal courts' ability to hear Section 487 claims based on conduct that occurred in New York state or local courts, and New York State's lack of ability to regulate "the relationship between New York attorneys and a federal court." *Opinion and Order* at 291. Indeed, while "[r]egulating the relationship between attorneys and the public fits comfortably within a state's police powers," Section 487 seeks instead to regulate the relationship "between the attorney and the court." *Id.* (finding in contrast "New York's attorney disciplinary process . . . not primarily focused on the relationship between the attorney and the court but on protection of the public" (internal quotation marks and citations omitted)).

To that end, "[t]he relationship between an attorney and court closely implicates a court's inherent powers . . . to manage [its] own affairs so as to

achieve the orderly and expeditious disposition of cases, including by fashion[ing] an appropriate sanction for conduct which abuses the judicial process." *Id.* Thus, the power to regulate the relationship between attorneys and federal courts is reserved to the federal courts, and the power to regulate the relationship between attorneys and state and local courts is reserved to the state and local courts.[10]

Contrary to Plaintiff's belief (*see* Pl. Br. at 16-17), the court in which he filed his present claims (i.e., state court versus federal court) is irrelevant to whether Section 487 applies in this matter, because it is the venue of the alleged underlying misconduct that governs Section 487's applicability. Here, Plaintiff's claims of misconduct focus on proceedings and actions taken in federal court, and thus fall outside Section 487's purview. Accordingly, this Court should affirm the District Court's dismissal of Plaintiff's claims under Judiciary Law Section 487, with prejudice.

> **b.** **Even if Section 487 does apply, Plaintiff failed to allege that the purported misconduct was willfully committed with an intent to deceive, or as part of a chronic, extreme pattern of legal delinquency.**

Even if the court finds that Section 487 does apply to actions taken in federal court, Plaintiff has not alleged any facts in support of the requirement that Defendants' alleged misconduct be committed with an intent to deceive or as part

---

[10] Which the legislature recognized by limiting Section 487's scope to conduct in New York's "Courts of Record." *Looff*, 97 N.Y. at 481-82.

of a chronic, extreme pattern of legal delinquency. Relief under "Judiciary Law §
487 is not lightly given and requires a showing of egregious conduct or a chronic
and extreme pattern of behavior on the part of the defendant attorneys that caused
damages." *Facebook, Inc. v. DLA Piper LLP (US)*, 23 N.Y.S.3d 173, 178 (App.
Div. 2015) (internal quotation marks omitted) (citing *Savitt v. Greenberg Traurig,
LLP*, 5 N.Y.S.3d 415 (App. Div. 2015)).

Although one instance of misconduct can suffice, Plaintiff must still show an
underlying "deceit that reaches the level of egregious conduct." *Breuninger, et al.
v. Williams et al.*, 20 Civ. 7033 (JPC), 2024 WL 3088770, at *7 (S.D.N.Y. June 20,
2024); *Chowaiki & Co. Fine Art Ltd. v. Lacher*, 982 N.Y.S.2d 474 (App. Div.
2014)); *Suzuki v. Greenberg*, 198 N.Y.S.3d 683 (App. Div. 2023), *leave to appeal
denied*, 41 N.Y.3d 908 (2024) (finding one instance of misconduct "egregious"
enough on its own where "defendant had intentionally failed to apprise the court of
[a] custody order, thus affirmatively misrepresenting the existence of adverse
information relevant to the proceedings"). Allegations of "an act of deceit or intent
to deceive must be stated with particularity [and] the claim will be dismissed if the
allegations as to scienter are conclusory and factually insufficient." *Facebook*, 23
N.Y.S.3d at 178 (citing *Armstrong v. Blank Rome LLP*, 126 A.D.3d 427, 427 (N.Y.
App. Div. 2015); *Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*, 787
N.Y.S.2d 267 (App. Div. 2004); *Agostini v. Sobol*, 757 N.Y.S.2d 555 (App. Div.

27

2003)).

The bar for recovery under Section 487 is high, and even the "[a]ssertion of unfounded allegations in a pleading . . . for improper purposes, does not provide a basis for liability under [Judiciary Law § 487]." *Ticketmaster Corp. v. Lidsky*, 665 N.Y.S.2d 666, 667 (App. Div. 1997) (internal citations and quotation marks omitted) (alterations in original). To that end, "numerous New York State courts interpreting the statute, as well as federal courts construing the state court decisions, have concluded that liability attaches under these Statutes only if the deceit is extreme or egregious." *Ray v. Watnick*, 182 F. Supp. 3d 23, 29–32 (S.D.N.Y. 2016), *as amended* (May 3, 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017) (collecting cases).

Here, Plaintiff's Amended Complaint does not meet this high standard. Even if we accept Plaintiff's allegations as true, referring to a demand letter as an "extortion" is not "extreme or egregious."[11] Where courts have found that even making unfounded allegations "for improper purposes" (*Ticketmaster Corp.*, 665 N.Y.S.2d at 667) does not meet Section 487's "rigorous standard" (*Ray*, 182 F. Supp. 3d at 29–32), Plaintiff's allegations also fall short. As the District Court

---

[11] While Plaintiff alleges there is "no circumstance in the world that the district court could rule that the appellant was guilty of extortion because that is not what he was sued for" (Pl. Br. at 20), Plaintiff ignores the possibility that the District Court could have found that Plaintiff's "extortion[ate]" behavior supported Defendant HC2's claims for breach of Plaintiff's "duty of loyalty" and "faithless servant." *See Opinion and Order* at 268 (*citing HC2 Action*, ECF 1 at ¶¶ 51-53).

found, "Plaintiff has not adequately pled that these statements are false or made with intent to deceive." *Opinion and Order* at 294.

### Zannikos's Alleged Statements

Looking at the specific statements, starting with Zannikos's alleged statements in the Bankruptcy proceeding, the District Court correctly held that the only allegations against Zannikos were that "[h]e stated that Delaney engaged counsel to demand $450,000 from TMNA, that Delaney threatened litigation and disclosure of TMNA's privileged and confidential information if his demands were not met, and that TMNA refused to agree." *See Opinion and Order* at 294. As the District Court found, "[n]one of those statements are alleged or could be alleged to be false" based on the District Court's review of the demand letter. *Id.* at 295.

Further, nothing in those statements contradicts the District Court's alleged finding that Plaintiff's demand letter was "not an extortion." Plaintiff's theory of liability rests on the purported mischaracterization of his "demand letter" as an extortion, and that the District Court's finding that the letter was "not an extortion" proves the Individual Defendants' misrepresentation. However, Zannikos never used the word "extort" in his certification. *See Opinion and Order* at 294. Thus, he did not misrepresent the District Court's findings. *See id.*

But even if Zannikos had used the word "extort," the District Court rightly held that just "the use of that word could not give rise to a claim under Section

29

487." *See id.* at 295. First, the District Court clarified that its Order at the preliminary injunction stage did not "foreclose the possibility that HC2 would ultimately be able to prove that Delaney had engaged in extortion and, in any event, it was not free from doubt." *Id.* Further, the "Court did not dismiss HC2's claims on the merits or make factual findings that Delaney did not threaten TMNA or did not demand payment." *Id.* Accordingly, Plaintiff fails to allege any actionable conduct on Zannikos's behalf.

### Nacchio's Alleged Statements

The same reasoning applies to Defendant Nacchio's affirmation in the *First State Court Action*. Importantly, Nacchio never "accuse[d] plaintiff of extortion" in the affirmation as Plaintiff so frivolously claims. Indeed, the quote that Plaintiff falsely attributes to Defendant Nacchio is just the same allegation noted above, which is found in paragraph 31 of the Complaint in the *HC2 Action*. *See* Ex. Z to Supp. Appx. at SA-349 (Nacchio affirmation attaching Complaint from *HC2 Action* only by way of "background"). However, it was Kasowitz Benson Torres LLP that drafted and filed the HC2 Complaint in the District Court, not Defendant Nacchio. *See Opinion and Order* at 268 (citing *HC2 Action*, ECF No. 1 at 16). Further, just the attachment of the HC2 Complaint to Defendant Nacchio's affirmation, without more, was not a deceit on the court giving rise to a claim under Section 487. *See Opinion and Order* at 295 (just "use of the word [extortion]

30

could not give rise to a claim under Section 487").

The alleged offending statement being falsely attributed to Defendant Nacchio is the sole factual allegation against him, and the only allegation of a statement purportedly made in state court. But even if it could be attributed to Defendant Nacchio, which it cannot, the claim should nonetheless be dismissed because Plaintiff cannot show that the statement was false or made with the intent to deceive. *See id.* (the alleged "conclusion [that the demand letter was not an extortion] did not foreclose the possibility that HC2 would ultimately be able to prove that Delaney had engaged in extortion and, in any event, it was not free from doubt").

**Alleged Statements to Trustee**

Plaintiff also alleged that Individual Defendants made false statements to the Bankruptcy Trustee that Plaintiff "owned four properties in Westchester County and that he had several undisclosed financial accounts." Pl. Br. at 22. However, the District Court properly found that Plaintiff failed to plead any facts in support of that allegation. *See Opinion and Order* at 297. The only fact that Plaintiff alleges in support of this claim is that at or around the time the Trustee made that statement to the Court, the Trustee had conversations with an attorney representing HC2. *See id.*

The District Court credited this allegation, conceding that it was reasonable

31

to infer that the Trustee spoke with an attorney for HC2. *See id.* However, there are no facts in the Amended Complaint stating that the Trustee specifically communicated with Zannikos or Nacchio, and no support in the record to allow that inference. While the Court found it reasonable to infer that the Trustee spoke with HC2's Bankruptcy attorney, Daniel Goldstein, it did not find any allegations concerning direct communications between the Trustee and Zannikos and/or Nacchio. *See id.*

Plaintiff admits that he relies solely on non-descript billing records to establish that Zannikos conspired with the Trustee to oppose Plaintiff's Motion to Dismiss his Bankruptcy. *See* Pl. Br. at 27-29. The records, however, are devoid of any communications between the two. See Pl. Appx. at 40-187.

Indeed, the only information imparted by the highlighted sections of the billing records is that Goldstein and Zannikos spoke about opposing Plaintiff's Motion to Dismiss the Bankruptcy. *See id*. There is no indication, however, that there were any communications between Zannikos and the Trustee, or that Goldstein imparted any information to the Trustee on Zannikos's behalf. Accordingly, the District Court properly exercised its discretion in dismissing the Section 487 claim as to these alleged statements, despite Plaintiff's attachment of the billing records. *See Kravitz as Trustee of Aegean Litigation Trust v. Tavlarios*, 20-2579-cv, 2021 WL 5365582, at *1 (2d Cir. Nov. 18, 2021) ("We review for

32

abuse of discretion both a district court's decision to take judicial notice of facts and a district court's denial of leave to amend a complaint.").

Indeed, it was well within the District Court's discretion to determine the reasonable inferences that could be drawn from the cited billing records, and, upon review, the District Court explicitly stated that it was "unable to locate information within them which would support an inference that Zannikos or Nacchio made false statements to the Trustee." *Opinion and Order* at 297, n.22. Plaintiff cannot both rely on the billing records to support his theory of liability under Section 487 (*see Amend. Comp.* at 19-20, ¶ 20 (citing Pl. Appx. at 40-187)), and ignore the District Court's review of their content (*see* Pl. Br. at 22-29 (falsely alleging that the District Court did not consider the billing records' contents when the District Court explicitly stated that it reviewed the records and could not locate any relevant information about communications between Zannikos/Nacchio and the Trustee)). Further, because the District Court nonetheless reviewed the billing records and found them to lack any information relevant to Plaintiff's claims, the District Court properly dismissed Plaintiff's claims with prejudice. *See Opinion and Order* at 297, n.22 (finding "Plaintiff is obligated to include in his complaint, rather than buried somewhere in an attachment, the information he believes is relevant" and dismissing Plaintiff's with prejudice upon review of the attachment).

### c.     Plaintiff failed to allege any damages stemming from the Individual Defendants' purported misconduct.

Even if Plaintiff's allegations of misconduct were actionable, Plaintiff has not alleged any cognizable harm caused by the Individual Defendants' alleged false statements. First, Plaintiff cannot show that these alleged false statements caused him to suffer an adverse ruling in any of the prior adjudications, including the Bankruptcy Court's decision to not allow Plaintiff to dismiss his bankruptcy case. The Bankruptcy Court was very clear that it was "the [Plaintiff] debtor's repeated failure to disclose pending litigations—and, consequently, potential assets that could result from those litigations—[that] [made] dismissal [of the Bankruptcy Action] particularly inappropriate," finding that Plaintiff's "lack of candor reflect[ed] his unwillingness to pay his creditors voluntarily outside of the bankruptcy process." *Delaney v. Messer*, No. 22-CV-1664 (AMD), 2023 WL 2614099, at *11 (E.D.N.Y. Mar. 20, 2023), *appeal dismissed sub nom.*, *In re Delaney*, No. 23-434, 2023 WL 6618118 (2d Cir. July 12, 2023), *cert. denied sub nom.*, *Delaney v. Messer*, 144 S. Ct. 593 (2024).

Second, the District Court properly found that "Plaintiff's allegations of emotional distress are entirely conclusory." *See Opinion and Order* at 300 (citing *Amend. Compl.* at 33, ¶¶ 70–72 ("The defendants' conduct caused Delaney severe emotional distress and mental trauma . . . From 2021–2024, Delaney has suffered severe emotional distress and disability . . . As a direct and proximate result of the

34

defendants' conduct, the plaintiff suffered humiliation, severe emotional distress, and mental and physical pain and anguish."); *Akhtar v. Aggarwala*, 23-CV-06585 (JGLC) (VF), 2024 WL 3862504, at *12 (S.D.N.Y. June 5, 2024) (dismissing complaint where Plaintiff alleged that the "risk of losing his business has caused [him] severe distress, affecting his heath [sic] and well being"), *report and recommendation adopted sub nom. Akhtar v. Adams*, 2024 WL 3862673 (S.D.N.Y. Aug. 19, 2024); *Specht v. City of N.Y.*, 15 F.4th 594, 606 (2d Cir. 2021) (finding conclusory allegations of emotional distress "insufficient to state a claim").[12] As a result of Plaintiff's inability to plead actual compensatory or emotional distress damages stemming from the Individual Defendants' alleged false statements, the District Court properly dismissed the Section 487 claims.

### 2.    The ADA Discrimination Claim

The District Court also properly dismissed Plaintiff's claim of discrimination under the ADA. Even under a *de novo* review, Plaintiff's claims fail as a matter of law. Accordingly, the Court should affirm the District Court's dismissal of this claim.

---

[12] Plaintiff must show an underlying "deceit that reaches the level of egregious conduct." *Breuninger,*, 2024 WL 3088770, at *7; *Chowaiki*, 982 N.Y.S.2d at 474; *Suzuki*, 198 N.Y.S.3d at 683 (finding one instance of misconduct "egregious" enough on its own where "defendant had intentionally failed to apprise the court of [a] custody order, thus affirmatively misrepresenting the existence of adverse information relevant to the proceedings"). Allegations of "an act of deceit or intent to deceive must be stated with particularity [and] the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient." *Facebook*, 23 N.Y.S.3d at 178 (citing *Armstrong*, 126 A.D.3d at 427; *Briarpatch Ltd., L.P.*, 787 N.Y.S.2d at 267; *Agostini*, 757 N.Y.S.2d at 555).

35

#### a. Plaintiff failed to allege that he is disabled under the statute.

Axiomatic to any claim for disability discrimination is an allegation that the plaintiff has an actual or perceived disability. *See Opinion and Order* at 304 (citing *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); *Caskey v. Cty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014)). Disability is defined as "a physical or mental impairment that substantially limits one or more major life activities," a "record of such an impairment," or being "regarded as having such an impairment." 42 U.S.C.S. § 12102(1).

Here, the District Court appropriately found that Plaintiff's claim "failed as a matter of law" because "Delaney simply asserts that he 'is an individual with a disability'" but "nowhere in the Complaint does he ever explicitly reference a disability or perceived disability." *Opinion and Order* at 304-05 (citing *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 438 (S.D.N.Y. 2023) (dismissing claim where "Plaintiff's Complaint merely invoke[d] Title I of the ADA without stating facts that support that she is disabled or that she suffered adverse action based on her disability . . . Further, Plaintiff does not allege that Defendant was aware of her disability or discriminated against her on the basis of her disability.")). Absent any allegations of an actual or perceived disability, the District Court properly dismissed Plaintiff's discrimination claim under the ADA.

36

### b. Plaintiff failed to allege that he suffered an adverse employment action.

Even if Plaintiff's barebones allegation of being disabled sufficed, which it does not, Plaintiff cannot allege that he suffered an adverse employment action as his employment ended in March 2020, while the purported misconduct occurred starting January 1, 2021, during litigation. *See Amend. Compl.* at 17, ¶ 11.[13] As recognized by the District Court, an employment discrimination claim requires that the plaintiff suffer an "adverse employment action because of his disability or perceived disability." *Opinion and Order* at 304 (citing *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). An "adverse employment action" is defined as "a materially adverse change in the terms and conditions of employment. . . [e]xamples of [which] include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." *Danielle Olsen v. South Huntington Union Free School District, et al.*, 21-CV-5464 (ARL), 2024 WL 3178615, at *11 (E.D.N.Y. June 26, 2024).

Here, Plaintiff makes no such allegation. Instead, four years after the fact,

---

[13] Importantly, Plaintiff does not allege a claim for retaliation under the ADA because he cannot show that he opposed disability discrimination at any time before filing the Amended Complaint. Thus, Defendant's alleged retaliatory actions could not have been because of Plaintiff's opposition to disability discrimination. Further, all of Plaintiff's employment-related claims for conduct engaged in during Plaintiff's employment were settled by Plaintiff's trustee in the Bankruptcy Action, settling all claims before January 1, 2021. *See* Ex. AA to Supp. Appx. 354.

Plaintiff baldly asserts that Defendants' "actions against the plaintiff [after January 1, 2021] violated the Americans with Disabilities Act," without setting forth a single allegation about an adverse employment action being taken against him while he was employed. *See Amend. Compl.* at 17, ¶ 11, and 36, ¶ 100. This is inadequate as discrimination claims under the ADA, like Title VII, are "limited to discriminatory actions that affect the terms and conditions of employment and are thus not applicable to post-employment discrimination."[14] *McGrier v. Capital Cardiology*, No. 20-cv-01044 (BKS/DJS), 2022 WL 2105854, at \*14 n.17 (N.D.N.Y. June 10, 2022) (citing *Mugabo v. Compass Grp.*, No. 20-cv-01354, 2021 WL 7500250, at \*4 n.7 (W.D.N.Y. Dec. 28, 2021); *Bryant v. Covina-Valley Unified Sch. Dist.*, No. 17-cv-1274, 2018 WL 6016924, at \*3 (C.D. Cal. Jan. 10, 2018)), *report and recommendation adopted* No. 20-cv-01354, 2022 WL 787962 (W.D.N.Y. Mar. 15, 2022); *Hopkins v. Bridgeport Bd. of Educ.*, 834 F. Supp. 2d 58, 64–65 (D. Conn. 2011) (dismissing post-employment discrimination claim)).

Because Plaintiff's allegations of discrimination focus solely on alleged post-employment conduct (Amend. Compl. at ¶ 11), the District Court properly

---

[14] *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."); *see also Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 329 n.14 (S.D.N.Y. 2015) ("An adverse employment action has the same meaning in ADA discrimination claims as it does in the Title VII context." (citing *Adams v. Festival Fun Parks, LLC,* 560 F. App'x. 47, 49 (2d Cir. 2014))).

dismissed Plaintiff's ADA discrimination claim.

### 3. The Title VII Retaliation Claim

Plaintiff also fails to allege a plausible claim for retaliation under Title VII because he fails to establish any facts supporting that claim. Accordingly, the District Court also correctly dismissed these claims.

#### a. Plaintiff failed to adequately allege that he opposed discrimination prohibited by Title VII.

A plausible claim of retaliation under Title VII requires: "'(1) [Plaintiff's] participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Opinion and Order* at 305 (quoting *Dooley v. Jetblue Airways Corp.*, 636 F. App'x 16, 19 (2d Cir. 2015); *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015)). At a minimum, Plaintiff must show that any purported retaliation occurred because he "'opposed any practice made an unlawful employment practice by' Title VII." *Foy v. N.Y. St. Unified Ct. Sys.*, 2024 WL 3270711, at *5 (E.D.N.Y. July 2, 2024) (quoting 42 U.S.C. § 2000e-3(a)).

As the District Court correctly found, Plaintiff failed to allege that he engaged in any protected activity under Title VII. *See Opinion and Order* at 305-06 (finding that "Plaintiff does not allege that he engaged in any activity protected under Title VII" and that his allegations were nothing more than a "formulaic

recitation of the elements of a cause of action, which will not do"). Plaintiff offers only that he "engaged in the protected activity of complaining to the government about HC2's failing to furnish him with a copy of the Summary Plan Description." *Amend. Compl.* at 35, ¶ 86. However, even if true, such action would not be considered "protected activity" under Title VII. *See Santucci v. Veneman*, No. 01 CIV. 6644(CBM), 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002) (holding that "Title VII offers redress for retaliation that is directed to activity *protected by the statute*" (internal citations and quotation marks omitted) (emphasis in original)). To be considered protected activity under Title VII, "the protected activity alleged must involve some sort of complaint about a type of discrimination that Title VII forbids." *Id.* Because "the conduct complained of by the plaintiff had nothing to do with *race, color, religion, sex, or national origin,* [a retaliation] action cannot be maintained under Title VII." *Id.* (emphasis in original).

**b.    Plaintiff does not adequately allege a causal connection between the alleged retaliatory conduct and his engagement in any protected activity.**

Even if Plaintiff could establish that he engaged in protected activity, which he cannot, Plaintiff's retaliation claims are still based on alleged misconduct that occurred post-employment. *See Amend. Compl.* at 17, ¶ 11. Courts in this Circuit have recognized that "[o]nly a narrow range of post-employment actions may serve as the basis for a retaliation claim." *See Thompson v. Shutterstock, Inc.*, 23-CV-

40

4155 (JGLC), 2024 WL 2943813, at *19 (S.D.N.Y. June 10, 2024); *see also Jiang Zhong Li v. Oliver King Enters.*, No. 14–CV–9293 (VEC), 2015 WL 4643145, at *4 (S.D.N.Y. Aug. 4, 2015) (noting absence of post-employment retaliation cases in the Second Circuit or elsewhere that did not involve either employment-related harm or a threatened legal claim against the plaintiff); *Calise v. Casa Redimix Concrete Corp.*, No. 20-CV-7164 (PAE), 2022 WL 355665, at *6 (S.D.N.Y. Feb. 4, 2022) (recognizing that blacklisting can constitute a post-employment retaliatory adverse employment action).

Plaintiff's bald claim of purported retaliation does "not resemble the type of blacklisting, or interfering with future employment opportunities that courts within the Second Circuit have recognized as forming the basis for post-employment adverse employment actions." *Cadet*, 632 F.Supp.3d at 224. Indeed, even though Courts have found that counterclaims in post-employment litigation can be retaliatory, the circumstances must be such that the litigation was likely to "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *See Leary v. Al-Mubaraki, et al.*, No. 18-CV-0048-LTS-HBP, at 16 (S.D.N.Y. Sept. 30, 2019) (included in Ex. BB to Supp. Appx. at 357).

That is clearly not the case here, as Plaintiff's only possible basis for a Title VII claim is his alleged complaint "to the government" about a purported ERISA violation. However, Plaintiff has not set forth any facts to suggest that the HC2

41

Defendants knew about these alleged complaints, let alone engaged in their litigation strategy because of them. *See Santucci*, 2002 WL 31255115, at *3 ("the protected activity alleged must involve some sort of complaint about a type of discrimination that Title VII forbids"). Absent any facts about Plaintiff's complaint to the "government," it is impossible to establish a causal link between Defendant's post January 2021 actions and Plaintiff's alleged complaint. Accordingly, the District Court properly dismissed Plaintiff's purported retaliation claim.[15]

### 4. The Negligent Infliction of Emotional Distress Claim

Nor does Plaintiff allege a viable claim for NIED. An NIED claim requires a plaintiff to allege "(1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). Plaintiff's allegations against the Individual Defendants fall far short of the pleading standard as Plaintiff failed to allege any facts showing that the Defendants owed him a duty of care, or that they acted in a negligent manner such that the circumstances caused Plaintiff to fear for his safety. Accordingly, the District Court properly dismissed this claim as well.

---

[15] The District Court also properly dismissed claims based on alleged negative references. Plaintiff has not proffered any facts about alleged negative references (i.e., who, when) other than that they allegedly happened. Plaintiff's allegations concerning these acts are wholly conclusory, and thus were properly dismissed.

### a. Plaintiff failed to allege facts to show that Defendants owed him a duty of care.

Plaintiff does not allege any relationship between himself and HC2 Defendants which could give rise to any duty of care. As the District Court noted, "Delaney claims that Zannikos and Nacchio had ethical duties towards him as an opposing party and breached those duties by making false statements and accusations." *Opinion and Order* at 299. However, courts have "'uniformly found that an attorney does not have a duty to a third party, including an opposing party, the breach of which would subject the attorney to liability.'" *Id.* (quoting *Clark v. Druckman*, 624 S.E.2d 864, 869 (W. Va. 2005) (collecting cases); citing Restatement (Third) of the Law Governing Lawyers § 51 (2000), cmt. c ("A lawyer representing a party in litigation has no duty of care to the opposing party under this Section, and hence no liability for lack of care, except in unusual situations."); *Drago v. Buonagurio*, 386 N.E.2d 821, 822 (N.Y. 1978); *Baxt v. Liloia*, 714 A.2d 271, 274–75 (N.J. 1998) (noting that rules of professional conduct are not intended to serve as a basis for civil liability)). As Plaintiff cannot establish any other relationship between him and the Individual Defendants giving rise to a duty of care, Plaintiff cannot plausibly allege a claim for negligent infliction of emotional distress.

43

**b.** **Plaintiff failed to allege conduct which caused Plaintiff to fear for his safety or which endangered his physical safety in any way.**

Plaintiff also cannot plausibly allege a "guarantee of genuineness" of any alleged harm he suffered, which courts have found requires allegations of "a breach of a duty . . . which unreasonably endangered his or her physical safety or caused him or her to fear for his or her own safety." *Hoxha v. Pantalone*, 208 N.Y.S.3d 485, at \*2 (Sup. Ct. 2024) (citing *Chiesa v McGregor*, 209 A.D.3d 963, 966 (App. Div. 2022); *Taggart v Costabile*, 131 A.D.3d 243, 255-256 (App. Div. 2015)).[16] The Amended Complaint is completely devoid of any allegations that Plaintiff feared for his safety, or any facts to suggest that the Individual Defendants endangered Plaintiff's safety.

Because the District Court found that the alleged breach consisted only of "making false statements and accusations," the District Court correctly concluded that such conduct could not plausibly support a claim that Plaintiff feared for his safety. *See Opinion and Order* at 299-301. Thus, the District Court properly dismissed Plaintiff's NIED claim with prejudice.[17]

---

[16] *See also Ferrara v. Galluchio*, 152 N.E.2d 249, 252 (N.Y. 1958) (finding the "guarantee of genuineness" protects against "the danger of vexatious suits and fictitious claims"); *Francis*, 992 F.3d at 81 n.57 (plaintiff "generally must plead that the breach endangered his physical safety or caused him to fear for his physical safety").

[17] *See Fisk*, 424 F.Supp.2d at 677 (where plaintiff alleged a claim for NIED, the court found that "[b]ecause the information that the plaintiff has provided in her response to the motion

### 5. The N.Y. Labor Law Section 740 Claim

As the District Court also correctly found, Plaintiff does not "plead a violation of Section 740." *Opinion and Order* at 303-04. To allege a claim under Section 740, Plaintiff must allege: "'(1) [a] retaliatory action, (2) [an] activity protected by the statute, and (3) a causal link between the two.'" *Id.* at 303 (citing *Pierce v. Better Holdco, Inc.*, 22 Civ. 4748 (AT), 2023 WL 6386920, at *4 (S.D.N.Y. Sept. 29, 2023)).

Plaintiff does not adequately allege that he complained about purported ERISA violations. As discussed above (Sec. III(B)(3)(b), *supra*) chief to a claim for retaliation is the establishment of some protected activity by the person claiming retaliation. *Id.* at 38-39. Here, Plaintiff does not allege any facts regarding his alleged protected activity. *Id.* Plaintiff concedes that he alleged only that "HC2 failed to provide him with a copy of the plan and that this was a violation of [ERISA]," but he never states what facts support his assertion that he "complained" about this alleged violation. Pl. Br. at 30-31.

Plaintiff's bald assertion that he "complain[ed] to the government" is insufficient to provide Defendants with notice of when or where the alleged complaint occurred. Again, without this information, it is impossible to know

---

demonstrates that any further attempt to amend her pleadings would be futile, the dismissal should be with prejudice"); *see also Izhaky v. Izhaky*, 189 N.Y.S.3d 62, 64 (App. Div. 2023) (finding dismissal with prejudice appropriate where "any leave to replead would have been futile").

whether Defendants were ever aware that Plaintiff made a complaint in the first place – a necessary component to any retaliation claim. *See Long v. Marubeni America Corp.*, 406 F.Supp.2d 285, 302 (S.D.N.Y. 2005) ("a retaliation claim in employment law requires a causal connection between the retaliation and protected activity, and that defendant was aware of the protected activity").

As the District Court held, "it is not plausible to infer a causal link between the purportedly protected action and HC2's decision to dispute the motion to dismiss in the Bankruptcy Proceeding . . . which appear entirely unrelated to any issues with HC2's pension plans." *Opinion and Order* at 303-04. Accordingly, Plaintiff's claims under Section 740 were properly dismissed.

## **CONCLUSION**

For the reasons set forth above, HC2 Defendants respectfully request that this Court affirm the judgment of the District Court dismissing the Amended Complaint with prejudice.

Dated: New York, New York
       July 15, 2025

               Respectfully submitted,

               OGLETREE, DEAKINS, NASH,
               SMOAK & STEWART, L.L.C.

               By:*/s/Thomas L. Bellifemine, Esq.*
               Thomas L. Bellifemine, Esq.
               599 Lexington Avenue, 17th Floor
               New York, NY  10022
               Tel: (973) 656-1600
               Fax: (973) 656-1611
               thomas.bellifemine@ogletreedeakins.com
               *Attorneys for Defendants HC2, Inc.,*
               *Stephanos Zannikos, and Michael John*
               *Esker Nacchio*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i), and the word limit of Fed. R. App. P. 32(a)(7)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 11,281 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with 14 characters per inch and Times New Roman.

Dated:  New York, New York
        July 15, 2025

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, L.L.C.

By:*/s/Thomas L. Bellifemine, Esq.*
Thomas L. Bellifemine, Esq.
599 Lexington Avenue, 17th Floor
New York, NY  10022
Tel: (973) 656-1600
Fax: (973) 656-1611
thomas.bellifemine@ogletreedeakins.com
*Attorneys for Defendants HC2, Inc.,*
*Stephanos Zannikos, and Michael John*
*Esker Nacchio*